IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUANE BERTLEMANN, #A0702264, | ) Civ. No. 20-00116 DKW-KJM ) |
| Plaintiff, | ) ORDER DISMISSING COMPLAINT ) WITH LEAVE TO AMEND ) |
| vs. | ) ) |
| DEBRA TAYLOR, JACQUE D. MULLEITNER, and NOLAN ESPINDA, | ) ) ) ) |
| Defendants. | ) ) |

Before the court is pro se Plaintiff Duane Bertlemann's prisoner civil rights Complaint brought pursuant to 42 U.S.C. § 1983. ECF No. 1.[1] Bertlemann claims that Defendants Department of Public Safety ("DPS") Director Nolan Espinda, Maui Community Correctional Center ("MCCC") Warden Debra Taylor, and Officer Jacque D. Mulleitner failed to protect him from harm during a 2019 riot at MCCC[2] and denied him medical care thereafter. Bertlemann has since been transferred from MCCC and is now incarcerated at the Halawa Correctional Facility ("HCF").

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for all filed documents.

[2]Public documents show that this riot occurred at MCCC on or about March 11, 2019. https://www.staradvertiser.com/2019/03/18/hawaii-news.

For the following reasons, the Complaint is DISMISSED for failure to state a colorable claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Bertlemann may file an amended pleading curing the Complaint's deficiencies on or before May 15, 2020.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the

plaintiff is entitled to relief from a specific defendant for specific misconduct. *Id.* (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II.  BACKGROUND[3]

Bertlemann was locked inside a cell with three other prisoners in MCCC's Module B when a riot began outside of his cell. *See* Compl., ECF No. 1 at #5 (Count I). He says that Module B security staff abandoned their posts and left him trapped in his cell while the rioters lit a fire outside of his cell. Bertlemann alleges

---

[3]On screening, Bertlemann's facts are accepted as true and construed in the light most favorable to him. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

that Defendants Espinda, Taylor, and Mulleitner failed to ensure that he was immediately released from his cell when the riot broke out, thereby causing him to inhale smoke until he was finally released from the cell.

When Bertlemann was released from his cell, he fell on the stairs and injured his back as he tried to escape the smoke and riot in Module B. *Id.* at #6 (Count II). Bertlemann says that he received no medical attention for the smoke inhalation or his injured back for approximately one month because unidentified MCCC nurses allegedly said "that they did not want to come into contact with the fires [sic] smokey smell!" *Id.*

Finally, Bertlemann alleges that MCCC staff told him to leave everything behind when they released him from his cell. *Id.* at #7 (Count III). When he returned, his personal property was missing. Bertlemann alleges Defendants failed to prevent this loss and says that he filed a state tort claim "to no avail." *Id.*

Bertlemann names Defendants in their individual and official capacities and seeks release from custody for his mental and physical trauma. *Id.* at 8.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2)

that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

**A.      Eleventh Amendment Immunity**

The "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-03 (1984); *Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007). Official capacity defendants are subject to

suit under § 1983 only "for prospective declaratory and injunctive relief . . . to enjoin an alleged ongoing violation of federal law." *Oyama v. Univ. of Haw.*, 2013 WL 1767710, at *7 (D. Haw. Apr. 23, 2013) (quoting *Wilbur v. Locke*, 423 F.3d 1101, 1111 (9th Cir. 2005), *abrogated on other grounds by Levin v. Commerce Energy Inc.*, 560 U.S. 413 (2010)); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."); *Ex parte Young*, 209 U.S. 123 (1908).

Bertlemann names Defendants in their official and individual capacities. He does not allege that he remains in danger from conditions at MCCC and admits that he received medical care one month after the riot. Bertlemann's transfer from MCCC to HCF moots any other claims he may have for prospective injunctive relief regarding conditions of confinement at MCCC. *See Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, [his injunctive] claim is moot.") (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991)).

If Bertlemann elects to amend his pleadings, he cannot state a claim for relief for damages against Defendants in their *official* capacities and those claims

are DISMISSED with prejudice. This does not prevent Bertlemann from seeking damages against Defendants in their individual capacities if he can otherwise state a colorable claim.

**B.    Supervisor Liability**

Supervisory personnel generally are not liable under § 1983 for the actions of their employees under a theory of respondeat superior; when a named defendant holds a supervisory position, the causal link between them and the plaintiff's claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning official personnel with respect to civil rights claims are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Absent personal involvement in a civil rights deprivation, a supervisor can be found liable only if "there exists . . . a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Rodriguez v. Cty. of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (quoting *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018)); *Staunton v. Harrington*, 2020 WL 129088, at *5 (D. Haw. Jan. 10, 2020). A "causal connection can be established . . . by setting in motion a series of acts by others or by knowingly refus[ing] to terminate a series

7

of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (alterations in original) (internal quotation marks and citations omitted). A supervisor may "be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Keates*, 883 F.3d at 1243 (quoting *Starr*, 652 F.3d at 1208).

Bertlemann alleges Defendants Espinda, Taylor, and Mulleitner are liable for his claims based on their supervisory positions with the DPS and MCCC. He fails, however, to allege any facts that show that they were personally involved in his allegations because they (1) knew about and failed to take steps to prevent the riot; (2) directed the Module B security officers to abandon their posts and delay opening his cell; (3) failed to train, supervise, or control the Module B guards who allegedly abandoned their post;[4] (4) knew that Bertlemann required medical care and failed to ensure that he received such care for a month; or that they (5) authored or supported any prison policies that precipitated these alleged

---

[4]To be clear, Bertlemann does not even allege how long he was kept in his cell during the riot, or allege facts showing that the guards' actions were unreasonable given the ongoing riot.

constitutional violations. Accordingly, Bertlemann alleges insufficient facts to state colorable claims against Espinda, Taylor, or Mulleitner in their individual capacities, and Counts I and II are DISMISSED with leave granted to amend.

**C.  Deprivation of Personal Property:  Count III**

Bertlemann says that he was ordered to leave his property behind when he was finally released from his cell, and it was missing when he returned. He concludes that the Module 3 guards either took his property or failed to prevent others from doing so. Bertlemann filed an unsuccessful state tort claim and now alleges that he was denied due process regarding this alleged deprivation of property.

Due process requires notice and an opportunity to be heard before the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). The unauthorized intentional or negligent "deprivations of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding intentional, unauthorized destruction of prisoner's property fails to state a claim); *see also Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (holding prison's negligent loss of prisoner's property fails to state a

9

claim), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

Available state post-deprivation remedies, such as a state tort action, preclude relief under § 1983 if the state remedy provides adequate due process. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (holding available state tort remedies generally satisfy due process); *King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986) (same). In Hawaii, public employees are liable for torts in the same manner and to the same degree as private individuals under similar circumstances. *See* Haw. R. Stats. § 662-2; *see also Austin v. Van Winkle*, Civ. No. 11-00691 SOM-BMK (D. Haw. 2011) (holding § 662-2 provides an adequate post-deprivation remedy for an inmate's alleged loss of property).

Bertlemann received due process when he brought his tort action to the state court. He cannot state a due process claim under the Fourteenth Amendment, and Count III is DISMISSED with prejudice.

**D.     Request for Relief**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for writ of habeas corpus and a civil rights complaint. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Challenges to the

validity of confinement or to its duration fall within the "core" of habeas corpus. *Hill v. McDonough*, 547 U.S. 573, 579 (2006); *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). "By contrast, constitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core and may be brought pursuant to § 1983 in the first instance." *Nelson*, 541 U.S. at 643; *Hill*, 547 U.S. at 579; *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (concluding that "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus").

Bertlemann seeks only release from imprisonment as redress for his challenges to the conditions of his confinement at MCCC. Release is not available in this civil rights action because success on his claims will not result in immediate or speedier release -- that is the exclusive province of habeas corpus jurisdiction. *See Shook v. Apker*, 472 F. App'x 702, 702-03 (9th Cir. 2012) (finding claims on conditions of confinement were properly brought in a civil rights action despite the relief sought). Bertlemann's request for release from incarceration is unavailable and is DISMISSED with prejudice. If Bertlemann elects to amend his pleadings to comply with this Order, he must also amend his request for relief.

## IV. <u>LEAVE TO AMEND</u>

The Complaint is DISMISSED with leave granted to amend consistent with this Order on or before May 15, 2020. The amended pleading must cure the deficiencies discussed herein. Bertlemann may not expand his claims beyond those already alleged or add new claims, without explaining how those new claims relate to the claims alleged in his original Complaint.

Bertlemann must comply with the Federal Rules of Civil Procedure and this court's Local Rules. An amended pleading must be submitted on the court's prisoner civil rights form, and it will supersede the preceding complaint. *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). If Bertlemann fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[5]

---

[5]28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

12

**A. Relevant Legal Standards To Consider When Amending Pleadings**

It is unclear whether Bertlemann was a pretrial detainee or a convicted, sentenced inmate when the incidents at MCCC allegedly occurred. To enable him to adequately amend his pleadings, the Court provides the following additional legal standards for him to consider.

If Bertlemann was a pretrial detainee, his constitutional protections derive from the Due Process Clause of the Fourteenth Amendment; if he was a sentenced inmate, his rights arise under the Eighth Amendment's protection against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018), *cert. denied sub nom. Cty. of Orange, Cal. v. Gordon*, 139 S. Ct. 794 (2019) (holding pretrial detainees' claims alleging inadequate medical care arise under the Fourteenth Amendment, and are evaluated under an objective deliberate indifference standard). In either case, Bertlemann must allege facts showing that Defendants Espinda, Taylor, Mulleitner, or other as-yet-unnamed individuals acted with deliberate indifference to his health or safety. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016) (*en banc*).

To adequately allege deliberate indifference, a pretrial detainee must show that the defendant acted with an *objective* state of mind, whereas a convicted

prisoner must allege facts showing that a prison official *subjectively* knew of and consciously disregarded an excessive risk to the inmate's health or safety. *See id.*, at 1067-71 (discussing, *inter alia*, *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015)).

### 1. *Eighth Amendment*

To state an Eighth Amendment claim, a convicted inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious;'" and that (2) the prison official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-98, 302-03 (1991)). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

### 2. *Fourteenth Amendment*

Under the Fourteenth Amendment, a pretrial detainee must show:

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would

14

have appreciated the high degree of risk involved–making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro*, 833 F.3d at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley*, 135 S. Ct. at 2473; *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

### 3. *Failure-to-Protect*

"[P]rison officials have a duty . . . to protect prisoners from violence." *Farmer*, 511 U.S. at 833-34 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) (further citations omitted)); *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). Under either the Eighth or Fourteenth Amendment, while a prison official need not "believe to a moral certainty" that an inmate is at risk of harm, he must have more than a "mere suspicion" that harm may occur. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). The obviousness of the risk may be sufficient to establish such subjective knowledge. *See Farmer*, 511 U.S. at 842; *Wallis v. Baldwin*, 70 F.3d 1074, 1077 (9th Cir. 1995). However, "speculative and generalized fears of harm . . . do not

rise to a sufficiently substantial risk of serious harm." *Williams v. Wood,* 223 F. App'x 670, 671 (9th Cir. 2007).

   4.   ***Inadequate Medical Care***

Deliberate indifference regarding the delay or denial of medical care is a high legal standard under either the Eighth or the Fourteenth Amendment. An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992); *see also Doty v. Cty. of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. *See Lopez v. Smith*, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (*en banc*). A difference of opinion concerning treatment, negligence, or medical malpractice do not equate to deliberate indifference. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).

Under either a subjective or an objective test, Bertlemann must allege sufficient, plausible facts from which the Court can infer that Espinda, Taylor, Mulleitner, or the unidentified guards who allegedly delayed releasing him from

16

the cell, or nurses who allegedly refused to provide him medical treatment, knew or should have known of an excessive risk to his health and safety and failed to take appropriate action.

**B.     Doe Defendants**

Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include the names of the parties in the action. The use of "Doe Defendants" is generally disfavored in federal court because, as a practical matter, it is usually impossible to serve a summons and pleading on an anonymous defendant. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Nonetheless, the use of Doe Defendants may be necessary when a plaintiff cannot discover the identity of the defendant before filing the operative pleading. The burden of identifying and serving any defendant remains at all times on the plaintiff, however, and the Court will not undertake to investigate the name and identity of an unnamed defendant.

In light of the Court's discussion above, if Bertlemann decides to sue the unidentified MCCC Module B guards and nursing staff, rather than or in addition to Defendants Espinda, Taylor, and Mulleitner, but he is unable to obtain their names before the time to file an amended pleading expires, he may sue these individuals as Doe Defendants. To do so, Bertlemann may refer to each unknown defendant as Defendant John Doe #1, John Doe #2, Jane Doe #3, and so on, but he

17

must allege facts showing how *each individual* Doe Defendant personally violated his rights by failing to protect him or failing to provide him medical care. Bertlemann must provide the dates that he encountered each Doe Defendant and clearly describe what that defendant did or failed to do that caused a violation of his constitutional rights. Moreover, if Bertlemann elects to file an amended complaint using John or Jane Doe designations, he must inform the Court of the steps that he took to try to learn the name of each of those Doe Defendants before commencing this action or amending the pleadings.

If he states a claim and complies with these directions, Bertlemann may then use the discovery processes for a limited amount of time, as determined by the Court, to obtain their names, unless it is clear that discovery would not uncover the identities, or that the amended complaint will be dismissed on other grounds. *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642). If successful, Bertlemann may then amend his pleadings to reflect their names.

## V. CONCLUSION

(1) The Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for Bertlemann's failure to state a colorable claim for relief against any Defendant.

(2)  Bertlemann may file an amended pleading as permitted on or before May 15, 2020.  Failure to file an amended pleading that cures the deficiencies in his claims may result in dismissal of this action with prejudice and without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk is DIRECTED to send Bertlemann a prisoner civil rights complaint form so that he may comply with the directions of this Order if he elects to file an amended complaint.

IT IS SO ORDERED.

DATED: April 9, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Bertlemann v. Taylor, et al*; Civil No. 20-00116 DKW-KJM; **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Scrg '20 Bertlemann19-625 dkw (8A or 14A,fail prot. dny med. care)