IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DUANE BERTLEMANN, #A0702264, | ) Civ. No. 20-00116 DKW-KJM ) |
| Plaintiff, | ) ORDER DISMISSING FIRST ) AMENDED COMPLAINT IN PART ) AND DIRECTING SERVICE |
| vs. | ) ) |
| JACQUE D. MULLEITNER, JUSTIN KANAKAOLE, CHANCE VALLE, and JENNIFER LOPES, | ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

Before the court is pro se Plaintiff Duane Bertlemann's First Amended Complaint ("FAC"), brought pursuant to 42 U.S.C. § 1983. ECF No. 6.[1] Plaintiff claims that Defendants Maui Community Correctional Center ("MCCC") Officers Jacque D. Mulleitner, Justin Kanakaole, Chance Valle, and Jennifer Lopes, RN, BSN (collectively, "Defendants"), failed to protect him from harm during a riot at MCCC,[2] denied him timely or adequate medical care, and allowed his personal property to be stolen. Plaintiff is now incarcerated at the Halawa Correctional Facility ("HCF").

---

[1]The Court refers to the Federal Judiciary's Case Management/Electronic Case Files ("CM/ECF") numbering and pagination system used for all filed documents.

[2]Public documents show that this riot occurred at MCCC on March 11, 2019. https://www.staradvertiser.com/2019/03/18/hawaii-news.

The Court has screened the FAC and finds that Count I states a colorable claim for relief against Defendants Jacque D. Mulleitner, Justin Kanakaole, and Chance Valle for failure to protect Plaintiff from harm. Count III states a colorable claim for relief against Defendants Jacque D. Mulleitner and Jennifer Lopes for failure to provide Plaintiff timely or adequate medical care. Counts I and III shall be SERVED, and Defendants are required to respond.

The Court finds that Count II, regarding the alleged theft of Plaintiff's property, fails to state a due process claim, and it is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## I. SCREENING

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) (if they are proceeding in forma pauperis) and 1915A(a) (if they allege claims against government officials). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Rosati v.*

*Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *Id.* (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*  The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" also falls short of meeting this plausibility standard.  *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

     Pro se litigants' pleadings must be liberally construed, and all doubts should be resolved in their favor.  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate.  *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. BACKGROUND[3]

On March 11, 2019, at approximately 2:00 p.m., Plaintiff was locked inside his cell in MCCC's Module B when a riot began outside of his cell. He alleges that Mulleitner incited this riot when she yelled, "Lockdown or my guys and I will come back shooting." FAC, ECF No. 6 at #48 (Count I). Plaintiff does not explain what instigated Mulleitner's comment. Plaintiff says that the "inmates, in hearing [of] Mulleitner's word's [sic] took it as a threat to our life," and began to "cause[] violence, threat's [sic] of violence, [and started an] out of control fire that was not contained by MCCC's faulty non operable fire systems." *Id.* at #49. Plaintiff claims that Mulleitner, Kanakaole, and Valle then abandoned their posts in Module B, leaving him trapped in his cell for four and a half hours, inhaling "toxic smoke" and chemicals. *Id.* at #50.

Kanakaole finally released Plaintiff and ordered him to leave his property behind. *Id.* at #53 (Count II). When Plaintiff returned to his cell at approximately 11:30 p.m., his medication and other unidentified items valued at $350.00 were missing. Plaintiff notified MCCC staff about his property the next day. On

---

[3]For screening purposes, the FAC's facts are accepted as true and construed in the light most favorable to Plaintiff. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

March 19 and April 20, 2019, Plaintiff filed two state tort claims pursuant to Hawaii Revised Statute § 662-2. *Id.* at #54. He has received no response to his suits.

Plaintiff immediately sought medical treatment for his respiratory injuries after the riot was contained, but was allegedly "denied medical treatment because of riot." *Id.* at #56 (Count III). He continued requesting medical care for ten months while still at MCCC, was told that he would be scheduled for a medical appointment, but he was not. On or about March 25, 2019, Mulleitner sent Nurse Lopes and Dr. Francine Sousa a memorandum requesting mental and physical care for Plaintiff's continuing trauma. Plaintiff was not seen until April 27, 2019, and then, only for mental health care. *See id.* Plaintiff says he has received no medical care for his "worsening lung condition exacerbated by the riot." *Id.* at #57.

Plaintiff names Defendants Mulleitner, Kanakaole, Valle, and Lopes in their individual capacities for violating his rights under the Eighth and Fourteenth Amendments. He seeks declaratory and prospective injunctive relief in the form of medical care for his allegedly untreated respiratory problems, together with compensatory and punitive damages. *Id.* at #58-#59.

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

### A. Alleged Deprivation of Personal Property: Count II

Kanakaole ordered Plaintiff to leave his property behind when he was released from his cell; it was missing when he returned. Plaintiff concludes that

Defendants either took his property or failed to prevent others from doing so. He alleges that Defendants denied him due process regarding the loss of his personal property.

The unauthorized intentional or negligent "deprivations of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (holding intentional, unauthorized destruction of prisoner's property fails to state a claim); *see also Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (holding prison's negligent loss of prisoner's property fails to state a claim), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).

A state tort action precludes relief under § 1983 if it provides adequate due process. *See Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994); *Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (holding available state tort remedies generally satisfy due process). In Hawaii, public employees are liable for torts in the same manner and to the same degree as private individuals under similar circumstances. *See* Haw. R. Stats. § 662-2; *see also Austin v. Van Winkle*, Civ. No. 11-00691 SOM-BMK (D. Haw. 2011) (holding § 662-2 provides an adequate post-deprivation remedy for an inmate's alleged loss of property).

Plaintiff has brought his tort actions to the state court. He must pursue relief there. Plaintiff's due process claim in Count II is DISMISSED with prejudice.

**B.    Remaining Claims**

Regardless of whether Plaintiff was a pretrial detainee, and derives protection from harm under the Fourteenth Amendment,[4] or a convicted inmate who is protected under the Eighth Amendment[5] when the incidents at MCCC allegedly occurred, he states a colorable claim for deliberate indifference against Defendants Mulleitner, Kanakaole, and Valle for failing to protect him from injuries that he allegedly incurred while locked in a smoke-filled cell for four and a half hours and against Defendants Mulleitner and Lopes for failing to ensure he received adequate medical care thereafter.

---

[4] Under the Fourteenth Amendment, a pretrial detainee must show that the defendant: made an intentional decision regarding plaintiff's conditions of confinement; that put plaintiff at substantial risk of serious harm; failed to take reasonable measures to abate that risk, although a reasonable officer would have appreciated the high degree of risk; and (4) thereby caused plaintiff's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (*en banc*).

[5] To state an Eighth Amendment claim, a convicted inmate must establish that: (1) "the deprivation alleged [is] objectively, 'sufficiently serious;'" and that (2) the prison official had a "'sufficiently culpable state of mind,'" that shows "'deliberate indifference' to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297-98, 302-03 (1991)). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

## IV.  CONCLUSION

(1) Plaintiff states a claim against Defendants Jacque D. Mulleitner, Justin Kanakaole, Chance Valle, and Jennifer Lopes, RN, BSN in Counts I and III, as discussed above, and the First Amended Complaint shall be served.  After service is perfected, Defendants are required to file a response.  42 U.S.C. § 1997e(g)(2).

(2) Plaintiff's claims in Count II fail to state a claim and are DISMISSED with prejudice.

## V.  SERVICE ORDER

IT IS HEREBY ORDERED:

(1)  The Clerk shall send the U.S. Marshal a copy of this Order, a copy of the First Amended Complaint, and one completed summons for Defendants Jacque D. Mulleitner, Justin Kanakaole, Chance Valle, and Jennifer Lopes.  The U.S. Marshal shall open a file and retain these documents for use in the event that Defendants decline to waive service of the summons.

(2)  Per agreement with the Department of Public Safety, the Clerk shall provide by electronic means to DPS litigation coordinators Laurie Nadamoto, Esq. and Shelley Harrington, Esq.: (a) a copy of the First Amended Complaint, ECF No. 6, and a completed Notice of Lawsuit and Request for Waiver of Service of Summons form addressed to Defendants MCCC Officers Jacque D. Mulleitner,

Justin Kanakaole, Chance Valle, and Jennifer Lopes, RN, BSN; and (b) two completed Waiver of Service of Summons forms for each Defendant.

(3) Defendants shall return the waiver to the U.S. Marshal within 30 days after the request for waiver of service of summons is *sent.* The U.S. Marshal shall file the waivers with the court. If any Defendant fails to do so within that time, the U.S. Marshal shall NOTIFY THE COURT, which will direct the U.S. Marshal to personally serve the summons and complaint on that Defendant. A personally served Defendant will be required to pay the costs of service.

(4) Defendants shall file a response to the Complaint within 60 days after electronic service if formal service is waived, or 45 days if service of the summons is not waived.

(5) Plaintiff shall notify the court within one week of any change of address. This notice shall contain only information about the change of address and its effective date and shall not include requests for other relief. Failure to do so may result in dismissal of the action for failure to prosecute under Fed. R. Civ. P. 41(b).

(6) After Defendants have filed a response, Plaintiff's documents are deemed served on any Defendants or their attorney(s) who participate in the court's

Case Management Electronic Case Filing (CM/ECF) system. The U.S. Marshal is not responsible for serving documents after service of the operative pleading.

IT IS SO ORDERED.

DATED: June 12, 2020 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

*Bertlemann v. Mulleitner, et al*; Civil No. 20-00116 DKW-KJM; **ORDER DISMISSING FIRST AMENDED COMPLAINT IN PART AND DIRECTING SERVICE**

Scrg '20 Bertlemann19-625 dkw (dsm FAC in prt DIR SVC fail prot. dny med. care)